09-0734-ag
Varga v. Holder

BIA
Nelson, IJ
A098 594 313
A098 594 309

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of February, two thousand ten.

PRESENT:
>       ROSEMARY S. POOLER,
>       BARRINGTON D. PARKER,
>       RICHARD C. WESLEY,
>               *Circuit Judges*.

_____

ALEXANDRU VARGA, LILIANA CALIN,
        *Petitioners*,

        v.                                09-0734-ag
                                          NAC
ERIC H. HOLDER JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONERS:      Zamir Iosepovici, New York, New York.

FOR RESPONDENTS:      Tony West, Assistant Attorney General, Lyle D. Jentzer, Senior Litigation Counsel, Zoe J. Heller, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Alexandru Varga and Liliana Calin, natives and citizens of Romania, seek review of a January 30, 2009 order of the BIA affirming the May 18, 2007 decision of Immigration Judge ("IJ") Barbara A. Nelson denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alexandru Varga, Liliana Calin*, Nos. A098 594 313/309 (BIA Jan. 30, 2009), *aff'g* Nos. A098 594 313/309 (Immig. Ct. N.Y. City May 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Petitioners failed to challenge the agency's denial of their claims for withholding of removal and CAT relief, we deem those claims abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v.*

*Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's findings of fact under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As amended by the REAL ID Act, Title 8, Section 1158(b)(1)(B)(i) of the U.S. Code provides that an asylum "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." We find no error in the agency's conclusion that Petitioners' asylum claim lacked a sufficient nexus to a protected ground. While Varga claimed that he was arrested and jailed without a trial, he never claimed that his arrest was on account of his Romani ethnicity. Rather, he testified that he did not know why he was arrested, and there was evidence in the record indicating that he had been charged with fraud. *See Saleh v. U.S. Dept. of Justice*, 962 F.2d 234, 239 (2d Cir. 1992) (finding that punishment for violation of a generally applicable criminal law is not persecution). Varga never

3

alleged that his prosecution for fraud was a pretext for persecution on account of his ethnicity. *See Vumi v. Gonzales*, 502 F.3d 150 (2d Cir. 2007). Moreover, the IJ noted that the background evidence indicated that "while there is some corruption within the judiciary in Romania, there [was] no evidence to demonstrate that citizens are convicted without trials and sentenced without trial or due process."

Petitioners also argue that the IJ erred in denying relief since Calin had testified that she was raped twice by Romanian police. However, like Varga, Calin did not assert that she was raped on account of her Romani ethnicity. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) Moreover, while Petitioners provided various background reports regarding the treatment of Romani in Romania, they failed to point to any evidence that police target and rape Romani women.

Finally, while the agency observed that "discrimination does exist against the Roma, or Gypsies, in Romania, there [was] not sufficient evidence to show that this discrimination [was] so severe or pervasive that it would amount to persecution." *See Jian Xing Huang v. INS,* 421

4

F.3d 125, 129 (2d Cir. 2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to persecution, his fear was "speculative at best").

While Petitioners' arguments offer no basis on which we are "compelled" to find – contrary to the agency – that persecution on account of Romani ancestry was or will be a "central" motive. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1252(b)(4)(B); *cf. Osorio v. INS*, 18 F.3d 1017, 1029 (2d Cir. 1994). In light of the foregoing, the agency's denial of Petitioners' asylum claims was proper. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5